1   Fred W. Schwinn (SBN 225575)
    CONSUMER LAW CENTER, INC.
2   12 South First Street, Suite 1014
    San Jose, California 95113-2403
3   Telephone Number: (408) 294-6100
    Facsimile Number: (408) 294-6190
4   Email Address: fred.schwinn@sjconsumerlaw.com

5   Attorney for Plaintiff
    JENNIFER LEIGH REED

6

7

8                   IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                          SAN JOSE DIVISION

10  JENNIFER LEIGH REED,              Case No.    C 07  04477

11                  Plaintiff,

12  v.                               COMPLAINT

13  ALLIANCEONE RECEIVABLE           DEMAND FOR JURY TRIAL
    MANAGEMENT, INC., a Delaware
14  corporation,                     15 Unites States Code § 1692 et seq.
                                     California Civil Code § 1788 et seq.
15                  Defendant.

16

17          Plaintiff, JENNIFER LEIGH REED, based on information and belief and

18  investigation of counsel, except for those allegations which pertain to the named Plaintiff or her

19  attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

20                          I. INTRODUCTION

21          1.      This is an action for statutory damages, attorney fees and costs brought by an

22  individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C.

23  § 1692, et seq. (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act,

24  California Civil Code § 1788 et seq. (hereinafter "RFDCPA") which prohibits debt collectors from

25  engaging in abusive, deceptive and unfair practices.

26                          II. JURISDICTION

27          2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §

28  1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

                                    -1-

1  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2          3.      This action arises out of Defendant's violations of the Fair Debt Collection

3  Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

4                          **III.  VENUE**

5          4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in

6  that a substantial part of the events or omissions giving rise to the claim occurred in this judicial

7  district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the

8  Defendant transacts business in this judicial district and the violations of the FDCPA complained

9  of occurred in this judicial district.

10                  **IV.  INTRADISTRICT ASSIGNMENT**

11          5.      This lawsuit should be assigned to the San Jose Division of this Court because

12  a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara

13  County.

14                          **V.  PARTIES**

15          6.      Plaintiff, JENNIFER LEIGH REED (hereinafter "Plaintiff"), is a natural

16  person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of

17  15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

18          7.      Defendant, ALLIANCEONE RECEIVABLE MANAGEMENT, INC.

19  (hereinafter "ALLIANCEONE"), is a Delaware corporation engaged in the business of collecting

20  debts in this state with its principal place of business located at: 717 Constitution Drive, Suite 202,

21  Exton, Pennsylvania 19341. ALLIANCEONE may be served as follows: AllianceOne Receivables

22  Management, Inc., c/o CT Corporation System, Registered Agent, 818 West Seventh Street, Los

23  Angeles, California  90017.  The principal business of ALLIANCEONE is the collection of debts

24  using the mails and telephone, and ALLIANCEONE regularly attempts to collect debts alleged to

25  be due another.  ALLIANCEONE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6)

26  and Cal. Civil Code § 1788.2(c).

27                  **VI.  FACTUAL ALLEGATIONS**

28          8.      On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

1  a financial obligation that was primarily for personal, family or household purposes, namely a

2  consumer credit card issued by Citibank and bearing an account number XXXX-XXXX-XXXX-

3  6056 (hereinafter "the alleged debt").  The financial obligation alleged to be owed to Citibank by

4  Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that

5  term is defined by Cal. Civil Code § 1788.2(f).

6        9.     Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was

7  consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

8        10.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

9  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

10       11.    A true and accurate copy of the first collection letter from Defendants to

11 Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

12       12.    The first collection letter (Exhibit "1") is dated February 15, 2007.

13       13.    The first collection letter (Exhibit "1") was sent in an envelope on which a

14 postage meter stamp dated February 19, 2007, was imprinted.

15       14.    Plaintiff is informed and believes, and thereon alleges that Defendant

16 deposited the envelope containing the first collection letter (Exhibit "1") in the United States Mail

17 on or about February 19, 2007.

18       15.    Plaintiff received the envelope containing the first collection letter (Exhibit

19 "1") from Defendant on or after February 21, 2007.

20       16.    Thereafter, Defendant sent a second collection letter (Exhibit "2") to Plaintiff

21 which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

22 1692a(2).

23       17.    A true and accurate copy of the second collection letter from Defendant to

24 Plaintiff is attached hereto, marked Exhibit "2," and by this reference is incorporated herein.

25       18.    The second collection letter (Exhibit "2") is dated April 3, 2007.

26       19.    The second collection letter (Exhibit "2") was sent in an envelope on which

27 a postage meter stamp dated April 5, 2007, was imprinted.

28       20.    Plaintiff is informed and believes, and thereon alleges that Defendant

COMPLAINT

1    deposited the envelope containing the second collection letter (Exhibit "1") in the United States Mail

2    on or about April 5, 2007.

3    　　　　21.    Plaintiff received the envelope containing the second collection letter (Exhibit

4    "2") from Defendant on or after April 7, 2007.

5    　　　　22.    On or about April 25, 2007, Plaintiff mailed a letter to Defendant which

6    stated: "please be advised that I dispute this debt and refuse to pay."

7    　　　　23.    A true and accurate copy of Plaintiff's letter disputing the alleged debt and

8    refusing to pay the alleged debt is attached hereto, marked Exhibit "3," and by this reference is

9    incorporated herein.

10    　　　　24.    Defendant received Plaintiff's letter disputing the alleged debt and refusing

11    to pay the alleged debt (Exhibit "3") on or about April 30, 2007.

12    　　　　25.    A true and accurate copy of the USPS Tracking Report and Certified Mail

13    Return Receipt evidencing Defendant's receipt of Plaintiff's letter disputing the alleged debt and

14    refusing to pay the alleged debt (Exhibit "3") is attached hereto, marked Exhibit "4," and by this

15    reference is incorporated herein.

16    　　　　26.    After receiving Plaintiff's letter notifying Defendant of her refusal to pay the

17    alleged debt (Exhibit "3"), Defendant continued to communicate with  Plaintiff in an attempt to

18    collect the alleged debt.

19    　　　　27.    Thereafter, Defendant sent a third collection letter (Exhibit "5") to Plaintiff

20    which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

21    1692a(2).

22    　　　　28.    A true and accurate copy of the third collection letter from Defendant to

23    Plaintiff is attached hereto, marked Exhibit "5," and by this reference is incorporated herein.

24    　　　　29.    The third collection letter (Exhibit "5") is dated June 1, 2007.

25    　　　　30.    The third collection letter (Exhibit "5") was sent in an envelope on which a

26    postage meter stamp dated June 5, 2007, was imprinted.

27    　　　　31.    Plaintiff is informed and believes, and thereon alleges that Defendant

28    deposited the envelope containing the third collection letter (Exhibit "5") in the United States Mail

1  on or about June 5, 2007.

2      32.    Plaintiff received the envelope containing the third collection letter (Exhibit

3  "5") from Defendant on or after June 5, 2007.

4      33.    Thereafter, Defendant sent a fourth collection letter (Exhibit "6") to Plaintiff

5  which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

6  1692a(2).

7      34.    A true and accurate copy of the fourth collection letter from Defendant to

8  Plaintiff is attached hereto, marked Exhibit "6," and by this reference is incorporated herein.

9      35.    The fourth collection letter (Exhibit "6") is dated July 31, 2007.

10     36.    The fourth collection letter (Exhibit "6") was sent in an envelope on which

11  a postage meter stamp dated August 1, 2007, was imprinted.

12     37.    Plaintiff is informed and believes, and thereon alleges that Defendant

13  deposited the envelope containing the fourth collection letter (Exhibit "6") in the United States Mail

14  on or about August 1, 2007.

15     38.    Plaintiff received the envelope containing the fourth collection letter (Exhibit

16  "6") from Defendant on or after August 3, 2007.

17              **VII.  CLAIMS**

18        **FAIR DEBT COLLECTION PRACTICES ACT**

19     39.    Plaintiff brings the first claim for relief against Defendant under the Federal

20  Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

21     40.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

22  38 above.

23     41.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

24  1692a(3).

25     42.    Defendant, ALLIANCEONE, is a "debt collector" as that term is defined by

26  the FDCPA, 15 U.S.C. § 1692a(6).

27     43.    The financial obligation allegedly owed to Citibank by Plaintiff is a "debt"

28  as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

44.    Defendant has violated the FDCPA in the following respects:

a.    Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c).

45.    Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46.    As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

47.    Plaintiff brings the second claim for relief against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

48.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 46 above.

49.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

50.    Defendant, ALLIANCEONE, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

51.    The financial obligation alleged to be owed to Citibank by Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

52.    Defendant have violated the RFDCPA in the following respects:

a.    Defendant continued to communicate with Plaintiff in an attempt to collect the alleged debt after receiving a written notification that Plaintiff refused to pay the debt being collected, in violation of 15 U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17.

53.    Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

54.     As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

55.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17.

56.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and 15 U.S.C. § 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

57.     Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a.     Assume jurisdiction in this proceeding;

b.     Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(c);

c.     Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;

d.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

e.     Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

f.     Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

g.     Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

h.     Award Plaintiff such other and further relief as may be just and proper.

1                                                 CONSUMER LAW CENTER, INC.

2

3                                          By: /s/ Fred W. Schwinn
                                             Fred W. Schwinn, Esq.
                                             Attorney for Plaintiff

4                                                 JENNIFER LEIGH REED

5

6                      **CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

7          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

8    named parties, there is no such interest to report.

9                                              /s/ Fred W. Schwinn
                                        Fred W. Schwinn, Esq.

10

11                           **DEMAND FOR JURY TRIAL**

12          PLEASE TAKE NOTICE that Plaintiff, JENNIFER LEIGH REED, hereby demands a trial

13    by jury of all triable issues of fact in the above-captioned case.

14

15                                            /s/ Fred W. Schwinn
                                        Fred W. Schwinn, Esq.

16

17

18

19

20

21

22

23

24

25

26

27

28